# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* *https://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** | 23-55770

**Case Name** | Skot Heckman, et al v. Live Nation Entertainment, Inc., et al

**Counsel submitting this form** | Timothy L. O'Mara

**Represented party/parties** | Appellants Live Nation and Ticketmaster

*Briefly describe the dispute that gave rise to this lawsuit.*

Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts brought this putative antitrust class action against Defendants Ticketmaster L.L.C. and Live Nation Entertainment, Inc. for alleged damages related to event tickets they purchased from Defendants' websites. Plaintiffs claim that Defendants violated Sections 1 and 2 of the Sherman Act by engaging in various anticompetitive conduct that supposedly resulted in higher fees for tickets sold by Ticketmaster.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                                                                 *Rev. 09/01/22*

1

*Briefly describe the result below and the main issues on appeal.*

Defendants moved to compel arbitration, invoking a contractual arbitration provision that Plaintiffs agreed to when they signed into their Ticketmaster accounts and purchased tickets. Under the provision, any disputes related to products sold or distributed by Defendants must be resolved in binding arbitration at New Era ADR. The relevant contract also makes clear that, if New Era ADR is unable to conduct the arbitration for any reason, the arbitration will be conducted by FairClaims. The district court denied Defendants' motion, finding that, although Plaintiffs agreed to arbitrate at New Era ADR as set forth in Defendants' Terms of Use, the selection of New Era ADR as the arbitration provider is procedurally and substantively unconscionable. The court also refused to compel arbitration by FairClaims. Defendants exercised their right to an interlocutory appeal under the Federal Arbitration Act. The main issues on appeal are: (1) whether the arbitration agreement in Defendants' Terms of Use is procedurally unconscionable; (2) whether that agreement is substantively unconscionable; and (3) whether, if the selection of New Era ADR as the arbitration provider is unconscionable, the case should instead be arbitrated by FairClaims according to the parties' agreement.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

Plaintiffs have moved to enjoin Defendants from amending their arbitration agreement as to the four named plaintiffs and putative class members; that motion is scheduled to be heard on October 12, 2023. Defendants have moved to stay the district court proceedings under Coinbase, Inc. v. Bielski, 143 S. Ct. 1915 (2023); that motion is scheduled to be heard on October 19, 2023.

**Signature** s/Timothy L. O'Mara          **Date** 9/19/2023

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                                                    *Rev. 09/01/22*

2