Case No. 23-55770

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SKOT HECKMAN, LUIS PONCE,
JEANENE POPP, JACOB
ROBERTS, on behalf of themselves
and all those similarly situated,
Plaintiffs-Appellees,

v.

LIVE NATION ENTERTAINMENT,
INC., TICKETMASTER, LLC,
Defendants-Appellants.

Appeal from the United States District Court
for the Central District of California
The Honorable George H. Wu Presiding
Case No. 2:22-cv-00047-GW-GJS

**PLAINTIFFS-APPELLEES' RESPONSE IN OPPOSITION TO DEFENDANTS-APPELLANTS' MOTION TO MAINTAIN UNDER SEAL**

Kevin Teruya
Adam Wolfson
William R. Sears, IV
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
865 S Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Warren D. Postman
 *Counsel of Record*
Albert Young Pak
Noah Heinz
Ethan H. Ames
KELLER POSTMAN LLC
1101 Connecticut Avenue, N.W.,
Suite 1100
Washington, DC 20036
(202) 918-1123
wdp@kellerpostman.com

*Attorneys for Plaintiffs-Appellees*

## RESPONSE IN OPPOSITION TO MOTION TO MAINTAIN UNDER SEAL

This Court employs a "strong presumption in favor of access" to filings and exhibits, and this case well illustrates the public purpose that rule serves. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). A key question in this case is whether Defendants provided a fair forum for consumer disputes. The public has an obvious interest in facts that are relevant to that question.

The forum at the center of this question, New Era ADR, is brazenly aligned with Live Nation. During the briefing in the proceeding below, New Era filed a declaration supporting Live Nation's interpretations of the arbitral rules. 2-ER-73-82. Later, during supplemental briefing, it filed a second declaration, this time changing the arbitral rules expressly to support Live Nation's legal arguments. 2-ER-34-36. Live Nation confirmed that New Era was not acting unilaterally—rather, "counsel for Live Nation and New Era have engaged in discussions regarding" their "submissions with the Court." 1-ER-18 n.13 (internal quotation marks omitted). In other words, Live Nation and New Era had persistent *ex parte* communication. The district court remarked on these "joint defense efforts between Latham and New Era," calling out the "remarkable

2

degree of coordination between Latham and New Era in terms of their interpretation and the evolution of New Era's Rules." 1-ER-18 n.13.[1]

This alignment is extraordinary when one recalls that Live Nation is seeking to enforce a delegation clause of an arbitration agreement—that is, to arbitrate the *unconscionability* of the arbitration rules. According to Live Nation, New Era can strategize with one side in a dispute, weigh in on the contested issue, *and also* administer the arbitration of that contested issue.

This alignment also highlights the importance of Live Nation's financial relationship with New Era. One explanation of why New Era would act in lockstep with Live Nation is financial: Live Nation has paid New Era handsomely. How handsomely? Those numbers are what Live Nation seeks to keep under seal.

---

[1] Appellants did not challenge the confidentiality designations or redactions below, partly because New Era was not a party to the litigation. But New Era's conduct during litigation brought it into the fray. Its multiple filings in support of Live Nation threatened to produce a one-sided record, in which materials uncovered in discovery were sealed, but New Era's spin was public. Appellants now support unsealing because New Era's litigation conduct below warrants the increased public scrutiny that unsealing will produce.

Appellants—but not the public—know just how much Live Nation paid New Era over the years. Appellants also know that the handsome payments were not made in exchange for the actual work of administering arbitrations, since New Era administered *just one* arbitration in 2021-22 in exchange for those payments. Rather, these amounts were pure revenue for New Era in exchange for deterring consumer arbitrations. 3-SER-184. Appellants used those facts to establish the unconscionability of Live Nation's arbitration agreement at the district court and continue to rely on those facts on appeal.

Still, Appellants are but four of the millions of consumers for whom Live Nation seeks to force arbitration administered by New Era. The millions of other consumers also deserve to know the full extent of the contractual relationship between Live Nation and New Era, the forum at which Live Nation seeks to conduct arbitrations on its extensive, ongoing anticompetitive conduct.

Live Nation invokes trade secret law, but it is difficult to see how the bare amount paid by one customer—without any other contract terms—could be a trade secret. A "trade secret may consist of any formula, pattern, device or compilation of information which is used in

4

one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b). The amount Live Nation paid to New Era two years ago is obviously not a "formula, pattern, device or compilation." Competitor arbitral fora would have little use in knowing what the first customer years ago paid New Era. Where, as here, the risk of harm to the business is so low, but the public interest so high, there is no compelling interest in sealing the materials.

Dated: January 10, 2024                    Respectfully submitted,

                                           By:   */s/ Warren D. Postman*

Kevin Teruya                                     Warren D. Postman
Adam Wolfson                                       *Counsel of Record*
William R. Sears, IV                             Albert Young Pak
QUINN EMANUEL                                    Noah Heinz
URQUHART & SULLIVAN,                             Ethan H. Ames
LLP                                              KELLER POSTMAN LLC
865 S Figueroa Street, 10th                      1101 Connecticut Avenue, N.W.,
Floor                                            Suite 1100
Los Angeles, CA 90017                            Washington, DC 20036
(213) 443-3000                                   (202) 918-1123
                                                 wdp@kellerpostman.com

                                                 *Attorneys for*
                                                 *Plaintiffs-Appellees*