No. 23-55770

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

─────────────────────────────────────

**SKOT HECKMAN; LUIS PONCE; JEANENE POPP; JACOB ROBERTS,**
on behalf of themselves and all those similarly situated,

*Plaintiffs-Appellees*,

v.

**LIVE NATION ENTERTAINMENT, INC.; TICKETMASTER LLC,**

*Defendants-Appellants*.

─────────────────────────────────────

On Appeal from the United States District Court
for the Central District of California
No. 2:22-cv-00047-GW-GJS (George H. Wu, District Judge)

─────────────────────────────────────

**DEFENDANTS-APPELLANTS LIVE NATION ENTERTAINMENT, INC. AND TICKETMASTER LLC'S REPLY IN SUPPORT OF MOTION TO MAINTAIN UNDER SEAL PORTIONS OF PLAINTIFFS-APPELLEES' ANSWERING BRIEF AND SUPPLEMENTAL EXCERPTS OF RECORD**

─────────────────────────────────────

Roman Martinez
Uriel Hinberg
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200

Sadik Huseny
LATHAM & WATKINS LLP
300 Colorado Street
Suite 200
Austin, TX 78701
(737) 910-7300

Timothy L. O'Mara
  *Counsel of Record*
Andrew M. Gass
Alicia R. Jovais
Robin L. Gushman
Nicholas Rosellini
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111
(415) 391-0600
tim.omara@lw.com

January 17, 2024

*Counsel for Defendants-Appellants
Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

## REPLY IN SUPPORT OF MOTION TO MAINTAIN UNDER SEAL

Live Nation's request to maintain under seal a handful of sensitive financial figures presents a textbook case for sealing. Live Nation seeks to keep sealed only the confidential, negotiated pricing terms of its agreement with New Era ADR ("New Era"), which is not a party to this case. Those pricing terms are scattered across just 31 of the 650 pages that Plaintiffs have submitted in this Court, and comprise only a tiny portion of those 31 pages. This is exactly the type of narrowly tailored sealing request that this Court's rules contemplate. *See* Cir. R. 27-13(e) (suggesting parties "limit the [sealing] request to a portion of a contract").

### A. The Discrete, Sensitive Pricing Terms Negotiated By Live Nation And New Era Should Remain Sealed

The *only* thing that Live Nation seeks to maintain under seal is the precise dollar amount that Live Nation and New Era negotiated for, along with figures from which that amount can be derived. Disclosure of this "commercially sensitive information" would harm both Live Nation's and New Era's ability to negotiate and compete in the marketplace. *Elec. Arts, Inc. v. United States Dist. Court (In re Elec. Arts, Inc.)*, 298 F. App'x 568, at *1 (9th Cir. 2008). Courts, including this one, routinely seal "pricing terms" like these because disclosure of such information may cause "'harm'" to an entity's "'competitive standing.'" *Id.* at 570; *see Alchem USA Inc. v. Cage*, 2022 WL 3043153, at *3 (3d Cir. Aug. 2, 2022); *Chen v. Allied Waste Systems, Inc.*, 2023 WL 8242452, at *1 (S.D. Cal. Nov. 27, 2023) (applying Ninth

1

Circuit standard); *Kite Shipping LLC v. San Juan Nav. Corp.*, 2012 WL 6591579, at *2 (S.D. Cal. Dec. 17, 2012) (same). For these courts, unlike Plaintiffs, it was not "difficult to see how" disclosing specific pricing information could inflict competitive harms. *See* Opp. to Mot. to Maintain Under Seal ("Opp.") at 4.

These harms are particularly acute for New Era, a non-party. New Era "negotiates its subscription agreements with customers individually" and therefore would suffer in its "ability to negotiate and compete in the marketplace" if the pricing terms of its agreements were disclosed. New Era's Mem. in Supp. of Mot. to Quash at 17, *Heckman v. Live Nation Ent'mt, Inc.*, No. 2:22-cv-00047-GW-GJS (C.D. Cal. Sept. 26, 2022), ECF No. 72. Such "competitive harm" to non-parties constitutes a compelling reason to seal information. *Mayhall on behalf of D.M. v. Amazon Web Servs. Inc.*, 2023 WL 6290575, at *2 (W.D. Wash. Sept. 27, 2023); *see United States v. Amodeo*, 71 F.3d 1044, 1050-51; *Quad Int'l, Inc. v. Doe*, 2012 WL 5868966, at *3 (N.D. Cal. Nov. 19, 2012).

Plaintiffs' argument that unsealing the specific financial terms between Live Nation and New Era will "produce" meaningful "increased public scrutiny" that outweighs those costs is fanciful. Opp.3 n.1. Live Nation has *not* sought to maintain under seal the core facts that Plaintiffs cite in their baseless effort to show that New Era was financially dependent on Live Nation. For instance, Live Nation publicly disclosed the fact that it has paid a "six-figure fee to [New Era]" for its

services. 3-SER-325. That information is sufficient for "the public" to understand roughly "how much Live Nation paid New Era over the years." Opp.4. Nor does Live Nation seek to keep sealed the fact that its business accounted for 98% of New Era's revenue during New Era's first year of existence, 3-SER-133—or the current figure of "less than 10 per cent," 3-SER-141. Far from being "high," Opp.5, the public interest in knowing further specifics is vanishingly small, if it exists at all.

Plaintiffs' own litigation conduct below reveals the weakness of their argument on appeal. Plaintiffs concede that they "did not challenge the confidentiality designations or redactions" of the exact same information in the district court. Opp.3 n.1. Nor did they move to unseal that information, despite ample opportunity to do so. In fact, Plaintiffs did not even object to New Era's request to seal far broader material relating to the contract between Live Nation and New Era. *See* New Era's Appl. for Leave to Keep Sealed Certain Materials, *Heckman v. Live Nation Ent'mt, Inc.*, No. 2:22-cv-00047-GW-GJS (C.D. Cal. Mar. 21, 2023), ECF No. 138.

In a conclusory footnote, Plaintiffs try to explain their non-opposition to sealing in the district court on the ground that "New Era was not a party to the litigation"—and explain that they "now support unsealing because" New Era's "conduct during litigation brought it into the fray" and "warrants the increased public scrutiny that unsealing will produce." Opp.3 n.1. That explanation does not hold

3

up. New Era is still "not a party to the litigation." And if Plaintiffs were at any point unhappy with New Era's "litigation conduct," they could have moved to unseal information below. *See* C.D. Cal. Civ. L.R. 79-7.2 (procedure for seeking disclosure of sealed documents). They did not do so.

### B. Plaintiffs' Merits Arguments Are Improper And Baseless

Instead of offering any good reason to depart from the standard practice of sealing negotiated pricing terms, Plaintiffs treat their opposition as a makeshift sur-reply, seeking to resuscitate their baseless claim that New Era is impermissibly "aligned with Live Nation." Opp.2. Those merits arguments have nothing to do with this procedural motion to maintain under seal and should not be considered.

At any rate, Plaintiffs fail to demonstrate that the district court clearly erred in finding that the record does *not* show "impropriety or undue influence." 1-ER-18; *see* Appellants' Reply Brief ("ARB") 24-26. Plaintiffs contend that the "'joint defense efforts between [Live Nation's counsel] and New Era'" somehow show an improper "alignment" between the two companies. Opp.2-3. But as Live Nation explained, such coordination was appropriate given their common interest in defending the validity of New Era's rules. ARB25; *see* 1-ER-18 (contrasting "joint defense efforts" with "help[ing] to *craft* or *modify* the Rules").

Nor is there anything "extraordinary" about New Era's defense of its own Rules merely because "Live Nation is seeking to enforce a delegation clause."

Opp.3. Contrary to Plaintiffs' suggestion, if the delegation clause is enforced, New Era's reputable, independent arbitrators—*not* New Era itself—would determine the enforceability of the Rules. The Supreme Court and this Court have repeatedly blessed agreements delegating threshold enforceability questions— which may include challenges directed at the governing rules—to the arbitrator. *See, e.g.*, *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 69-75 (2010); *Brennan v. Opus Bank*, 796 F.3d 1125, 1132-33 (9th Cir. 2015). To hold that this "self-interest in deciding that a dispute is arbitrable" is problematic "would be tantamount to concluding that delegation clauses" are "categorically unenforceable"—which flies in the face of *Rent-A-Center*. *Tiri v. Lucky Chances, Inc.*, 171 Cal. Rptr. 3d 621, 635 (Ct. App. 2014); *see Sandquist v. Lebo Auto., Inc.* 205 Cal. Rptr. 3d 359, 378 (Cal. 2016) (holding that courts may not "presume categorically that arbitrators are ill-equipped to disregard . . . institutional incentives and rule fairly and equitably").

Plaintiffs also assert that "Live Nation's financial relationship with New Era" supports "the unconscionability of Live Nation's arbitration agreement." Opp.3-4. But the district court correctly *rejected* that argument and concluded that the financial relationship was not disqualifying, especially considering that Live Nation "now make[s] up a small percentage of New Era's revenue." 1-ER-18. Plus, if being paid "handsomely" were enough for unconscionability, Opp.3, then *all* arbitration

providers—which often collect hundreds of thousands of dollars for a single arbitration—would be disqualified in every case.

Plaintiffs' conspiratorial bias arguments are baseless, and they have no place in an opposition to a routine motion to seal.

\* \* \*

This Court should grant Live Nation's narrowly tailored request to maintain under seal limited portions of Plaintiffs' Answering Brief and Supplemental Excerpts of Record.

Dated: January 17, 2024

Respectfully submitted,

  /s/ Timothy L. O'Mara

| | |
|---|---|
| Roman Martinez | Timothy L. O'Mara |
| Uriel Hinberg | *Counsel of Record* |
| LATHAM & WATKINS LLP | Andrew M. Gass |
| 555 Eleventh Street, NW | Alicia R. Jovais |
| Suite 1000 | Robin L. Gushman |
| Washington, DC 20004 | Nicholas Rosellini |
| (202) 637-2200 | LATHAM & WATKINS LLP |
| | 505 Montgomery Street |
| Sadik Huseny | Suite 2000 |
| LATHAM & WATKINS LLP | San Francisco, CA 94111 |
| 300 Colorado Street | (415) 391-0600 |
| Suite 200 | tim.o'mara@lw.com |
| Austin, TX 78701 | |
| (737) 910-7300 | |

*Counsel for Defendants-Appellants*
*Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*