No. 23-55770

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**SKOT HECKMAN; LUIS PONCE; JEANENE POPP; JACOB ROBERTS,**
on behalf of themselves and all those similarly situated,

*Plaintiffs-Appellees*,

v.

**LIVE NATION ENTERTAINMENT, INC.; TICKETMASTER LLC,**

*Defendants-Appellants*.

On Appeal from the United States District Court
for the Central District of California
No. 2:22-cv-00047-GW-GJS (George H. Wu, District Judge)

**DEFENDANTS-APPELLANTS LIVE NATION ENTERTAINMENT, INC. AND TICKETMASTER LLC'S MOTION TO MAINTAIN UNDER SEAL PORTIONS OF PLAINTIFFS-APPELLEES' ANSWERING BRIEF AND SUPPLEMENTAL EXCERPTS OF RECORD**

Roman Martinez
Uriel Hinberg
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200

Sadik Huseny
LATHAM & WATKINS LLP
300 Colorado Street
Suite 200
Austin, TX 78701
(737) 910-7300

Timothy L. O'Mara
  *Counsel of Record*
Andrew M. Gass
Alicia R. Jovais
Robin L. Gushman
Nicholas Rosellini
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111
(415) 391-0600
tim.omara@lw.com

January 3, 2024

*Counsel for Defendants-Appellants*
*Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

## INTRODUCTION

Pursuant to Circuit Rule 27-13(f), Defendants-Appellants Live Nation Entertainment, Inc. and Ticketmaster, LLC (together, "Appellants") move to maintain under seal discrete portions of Plaintiffs-Appellees' ("Appellees") Answering Brief and Supplemental Excerpts of Record ("SER"). Each of these discrete portions reflects commercially sensitive business information: specifically, the confidential, negotiated pricing terms of the agreement between Appellants and third-party arbitration provider New Era ADR ("New Era"). This same information remains sealed in the district court.

Appellants' request is narrowly tailored to seal only the most sensitive material in Appellees' filings. In particular, Appellants seek to seal a small number of financial figures out of hundreds of pages of Appellees' filings. Public disclosure of these negotiated figures would put Appellants and third-party New Era at a competitive disadvantage in future contract negotiations by revealing confidential pricing terms and the outcome of confidential negotiations. Based on these commercial sensitivities, the district court previously sealed this same information. *See* Order Granting Defs.' Appl. for Leave to Keep Sealed Certain Material Filed in Support of Pls.' Opp'n to New Era ADR, Inc.'s Mot. to Quash Portions of Pls.' Subpoenas, *Heckman v. Live Nation Ent'mt, Inc.*, No. 2:22-cv-00047-GW-GJS (C.D. Cal. Oct. 19, 2022), ECF No. 87 (sealing financial terms of the agreement

1

between Appellants and New Era). Appellants' counsel have conferred with Appellees' counsel, who indicate that they will oppose this motion.

## LEGAL STANDARD

Despite the "strong presumption in favor of access" to court records, this Court grants motions to seal if there are "compelling reasons sufficient to outweigh the public's interest in disclosure," in particular where records may "become a vehicle for improper purposes" such as "release [of] trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations and internal quotation marks omitted).

To determine whether documents should be sealed, "courts should consider all relevant factors, including . . . whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citation omitted). In the sealing context, "trade secrets" is construed broadly to include "any formula, pattern, device[,] or compilation of information which is used in one's business, and which gives [it] an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (citation omitted). The default right of public inspection "has bowed before the power of a court to insure that its records are not

used . . . as sources of business information that might harm a litigant's competitive standing." *Id.* (citation omitted).

Further, when the information sought to be sealed is also confidential to a third party, protecting that third party weighs heavily in favor of maintaining the information under seal. *See, e.g.*, *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (finding that a third party's privacy interest "should weigh heavily in a court's balancing equation" in favor of sealing (citation omitted)).

When sealing is warranted, this Court requires "the least restrictive scope of sealing" available. *See* Cir. R. 27-13(e).

## ARGUMENT

Appellants seek to maintain under seal certain financial figures scattered across just 31 pages of Appellees' 650-page filings. Each of these figures reflects the confidential, negotiated pricing terms of the agreement between Appellants and third-party New Era. Appellants' request satisfies both the "compelling reasons" standard and this Court's "least restrictive scope" requirement.

*First*, there are compelling reasons to keep this information under seal. Both Appellants and New Era consider the financial terms of their agreement to be confidential, and their public disclosure would put Appellants and New Era at a competitive disadvantage in future negotiations with counterparties by revealing confidential pricing terms and the outcome of negotiations. *See* Sealed Decl. of

3

Kimberly Tobias in Supp. of Defs.' Appl. for Leave to Keep Sealed Certain Material Filed in Supp. of Pls.' Opp'n to New Era ADR, Inc.'s Mot. to Quash ¶¶ 3-5, *Heckman v. Live Nation Ent'mt, Inc.*, No. 2:22-cv-00047-GW-GJS (C.D. Cal. Oct. 17, 2022), ECF No. 85; Sealed Decl. of Kimberly Tobias in Supp. of Defs.' Appl. for Leave to Keep Sealed Certain Material Filed in Supp. of Pls.' Opp'n to Defs.' Mot. to Compel Arb. ¶¶ 4-5, *Heckman v. Live Nation Ent'mt, Inc.*, No. 2:22-cv-00047-GW-GJS (C.D. Cal. Mar. 21, 2023), ECF No. 136; New Era's Mem. of Law in Supp. of Mot. to Quash at 17, *Heckman v. Live Nation Ent'mt, Inc.*, No. 2:22-cv-00047-GW-GJS (C.D. Cal. Sept. 26, 2022), ECF No. 72 (explaining that "even within New Era, subscription agreement pricing information is made available to staff on a need-to-know basis, and it is stored on a secure cloud-based network that requires invitation provided only to staff and uses password and 2FA-based security"; that "New Era negotiates its subscription agreements with customers individually, on a case-by-case basis"; and that "it would harm New Era's ability to negotiate and compete in the marketplace if subscription pricing data were available for other potential customers or competitors to review").

Accordingly, there are compelling reasons to the seal these financial figures. *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x at 569 (sealing "confidential and commercially sensitive information" including "pricing terms, royalty rates, and guaranteed minimum payment terms"); *Nichols v. AARP, Inc.*, No. 20-CV-06616,

2021 WL 1091517, at *1 (N.D. Cal. Feb. 19, 2021) (sealing "excerpts from and references to terms from [a services] agreement—as well as the attached copies of the agreement" because the agreement "reflect[ed] confidential business information and dealings between the parties that [were] not intended for public disclosure"); *see also Nixon v. Warner Comm'cns, Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing."). This is especially true because public disclosure would harm third-party New Era. *See*, *e.g.*, *Amodeo*, 71 F.3d at 1050-51; *Quad Int'l, Inc. v. Doe*, No. C 12-05433 CRB (LB), 2012 WL 5868966, at *3 (N.D. Cal. Nov. 19, 2012) ("The privacy interests of innocent third parties weighs heavily against the public's interest in access to court documents" (citation omitted)).

*Second*, Appellants' request is narrowly tailored to seal the "least restrictive" amount of information. *See* Cir. R. 27-13(e). Of the 650 pages filed by Appellees, Appellants seek to seal only a tiny portion. Specifically, Appellants seek to seal:

- The financial figures on 1 page of the 73-page Answering Brief;
- The financial figures on 17 pages of the 372-page deposition of Collin Williams (3-SER-110 to 4-SER-489);
- The financial figures on 12 pages of the 165-page deposition of Kimberly Tobias (4-SER-490 to 4-SER-547); and

5

- The financial figures on 2 lines of the 42-line Declaration of Collin Williams (4-SER-548 to 4-SER-551).

For the Court's convenience, Appellants attach as **Exhibit A** versions of Appellees' Answering Brief and Volumes III and IV of the SER with highlighted redactions covering the discrete financial figures sought to be sealed.

## CONCLUSION

Appellants respectfully request that the Court grant this motion to maintain under seal certain limited portions of Appellees' Answering Brief and SER.

Dated: January 3, 2024

Roman Martinez
Uriel Hinberg
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200

Sadik Huseny
LATHAM & WATKINS LLP
300 Colorado Street
Suite 200
Austin, TX 78701
(737) 910-7300

Respectfully submitted,

　/s/ Timothy L. O'Mara　
Timothy L. O'Mara
　*Counsel of Record*
Andrew M. Gass
Alicia R. Jovais
Robin L. Gushman
Nicholas Rosellini
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111
(415) 391-0600
tim.o'mara@lw.com

*Counsel for Defendants-Appellants*
*Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

6