Keller | Postman

July 31, 2024

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re: *Heckman et al. v. Live Nation Entertainment, Inc. et al.*, No. 23-55770

Ms. Dwyer,

*Ramirez v. Charter Communications*, No. S273802 ("Op.") supports affirmance.

First, *Ramirez* reaffirmed courts should not sever unconscionable provisions if "the central purpose of the contract is tainted with illegality," *or* "unconscionability cannot be cured by extirpating … the offending provisions," *or* "the stronger party engaged in a systematic effort to … secure a forum that works to the stronger party's advantage." Op. 42, 44-45. It also confirms courts should consider the "deterrent effect" of not severing, so drafting parties are not incentivized to craft one-sided agreements. Op. 45. The district court's analysis matched *Ramirez*. 1-ER-30-31.

Second, while *Ramirez* reiterated that enforceable interpretations control when there is "genuine ambiguity," it repeatedly *rejected* requests that it strain to accept inferior interpretations. *Compare* Op. 24-25 *with* Op. 22, 37-38. Here, there is no "genuine ambiguity" regarding any allegedly unconscionable Terms. The one of four rules *Ramirez* found genuinely ambiguous and not unconscionable allowed 4 depositions, 20 interrogatories, and 15 requests for production, *and* also allowed arbitrators to "decide all discovery disputes," to "allow a full and equal opportunity … to present evidence." Op. 24, 28. Ambiguity arose because the provision might allow for sufficient discovery. Op. 28. Here, the rules provide *no* discovery as a right, and there are no rules authorizing discovery for the type of arbitration required by the arbitration clause. *Compare* 2-ER-183-85 ("Discovery Process" for "standard arbitrations" with arbitrator discretion "to ensure a fundamentally fair process") *with*

# Keller | Postman

2-ER-187-89 (nothing comparable for "expedited arbitrations"). Live Nation's "strained interpretation[s]" should be rejected. Op. 22, 37.

Third, *Ramirez* rejects Live Nation's argument that the FAA requires courts to sever. Op. 47-48; AOB57.

Last, remand is not warranted unless this Court doubts the reasoning of the district court's severability analysis. *Ramirez* remanded because it disagreed regarding a provision that the lower court "specifically identified" as important to its decision. Op. 46-47. Here, the district court declined to sever because it found Live Nation imposed the terms as part of a "systematic effort to impose" an inferior forum and because deterrence was appropriate. 1-ER-31. Those conclusions were clearly correct, so no remand is warranted.

Dated: July 31, 2024

Respectfully submitted,

*/s/ Warren D. Postman*

Kevin Teruya
Adam Wolfson
William R. Sears, IV
QUINN EMANUEL URQUART
& SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3673

Warren D. Postman
Albert Young Pak
Noah Heinz
KELLER POSTMAN LLC
1101 Connecticut Ave. N.W., Suite 1100
Washington, D.C. 20036
(202) 918-1870

Keller | Postman

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the type-volume limitations set forth in Fed. R. App. P. 28(j) and Ninth Circuit Rule 28-6 because the body of the letter contains 349 words.

Dated: July 31, 2024

                                        */s/ Warren D. Postman*
                                        Warren D. Postman

                                        *Counsel for Plaintiffs-Appellees*

Keller Postman LLC | 1101 Connecticut Ave, N.W., Suite 1100 Washington, D.C. 20036 | 202.918.1123 | kellerpostman.com