Case No. 23-55770

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

SKOT HECKMAN, LUIS PONCE,
JEANENE POPP, JACOB
ROBERTS, on behalf of themselves
and all those similarly situated,
Plaintiffs-Appellees,

v.

LIVE NATION ENTERTAINMENT,
INC., TICKETMASTER, LLC,
Defendants-Appellants.

Appeal from the United States District Court
for the Central District of California
The Honorable George H. Wu Presiding
Case No. 2:22-cv-00047-GW-GJS

## PLAINTIFFS-APPELLEES' RESPONSE IN OPPOSITION TO LIVE NATION'S MOTION FOR EXTENSION OF TIME

Kevin Teruya
Adam Wolfson
William R. Sears, IV
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
865 S Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Warren D. Postman
  *Counsel of Record*
Albert Young Pak
Noah Heinz
Ethan H. Ames
KELLER POSTMAN LLC
1101 Connecticut Avenue, N.W.,
Suite 1100
Washington, DC 20036
(202) 918-1123
wdp@kellerpostman.com

*Attorneys for Plaintiffs-Appellees*

Live Nation's request for an extension should be denied because it would only serve to extend the stay of this case in the district court. This Court previously granted Plaintiffs-Appellees' motion to expedite this appeal. *See* ECF No. 18. Now, after a panel of this Court unanimously affirmed the district court on two independent grounds, Live Nation has requested an extension to file a petition for rehearing en banc. *See* ECF No. 76. Plaintiffs-Appellees offered to agree to an extension if Live Nation would agree to lift the stay in the district court. *See* Ex. 1. Live Nation refused. Given the expedited nature of this appeal and the stay that is still in place below, the motion for an extension should be denied.

This appeal stems from an interlocutory appeal under 9 U.S.C. § 16(a) of the denial of a motion to compel arbitration. As the Supreme Court recently made clear, "the district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023). The Supreme Court foresaw a risk that defendants would use the automatic stay for strategic delay and emphasized the "robust tools to prevent unwarranted delay" including the option "to expedite an interlocutory appeal." *Id.* at 745.

Taking up the Supreme Court's invitation, Plaintiffs-Appellees moved to expedite the appeal, seeking a shortened briefing schedule and earlier argument setting. *See* ECF No. 12. Live Nation opposed the motion. *See* ECF No. 14. This Court granted the motion, placing argument on "the next available calendar." ECF No. 18. The Court's order shortened the default briefing schedule and warned that "[n]o written motions for extensions of time under Ninth Circuit Rule 31 2.2(b) will be granted absent *extraordinary and compelling circumstances*." *Id.* (emphasis added).

Live Nation's motion fails to demonstrate extraordinary and compelling circumstances. Rather, it argues only that the "case presents important issues" and that "Live Nation's counsel, Roman Martinez" has "numerous other deadlines and obligations." ECF No. 76 at 1. Demands from a busy practice are not, standing alone, extraordinary or compelling. Industrious legal practitioners always have numerous upcoming deadlines—for example, in opposing the motion to expedite, Live Nation cited a similarly daunting eight-part list of upcoming deadlines for Mr. Martinez. *See* ECF No. 14 at 19, n.2.

The argument for an extension is even weaker here than usual, since Live Nation already received a two-week head start. This Court issued its opinion under seal on October 15, 2024, which the parties received. *See* ECF No. 73. No party asked that it remain under seal, and so the Court unsealed the opinion on October 28, at which point the clerk entered judgment. ECF No. 74. Live Nation acknowledges in its motion that its petition for rehearing en banc is not due until November 12—a full 28 days after it received this Court's opinion. This Court's rules provide for 14 days to file a petition for rehearing en banc for ordinary appeals, and there is no good reason Live Nation's counsel cannot complete it within *double* that time.

All that said, if the stay of proceedings in the district court were lifted, Plaintiffs-Appellees would not oppose an extension. That is why counsel for Plaintiffs-Appellees made a reasonable offer to Live Nation: "We would agree to the extension you request if Live Nation would agree to join us in asking the district court to lift the stay immediately (we would also agree to re-institute the stay if en banc review is granted)." *See* Ex. 1 at 1. Live Nation did not agree. There is no good reason for the stay to remain in place while this Court considers a long-shot petition for

en banc review; the only reason is delay. As long as Live Nation insists that a stay remain in place, this Court should insist that the appellate proceedings Live Nation has demanded progress at an expedited pace.

## CONCLUSION

The motion for an extension should be denied.

Dated: October 30, 2024                    Respectfully submitted,


                                By:     */s/ Warren D. Postman*
Kevin Teruya                            Warren D. Postman
Adam Wolfson                                *Counsel of Record*
William R. Sears, IV                    Albert Young Pak
QUINN EMANUEL                           Noah Heinz
URQUHART & SULLIVAN,                    Ethan H. Ames
LLP                                     KELLER POSTMAN LLC
865 S Figueroa Street, 10th             1101 Connecticut Avenue, N.W.,
Floor                                   Suite 1100
Los Angeles, CA 90017                   Washington, DC 20036
(213) 443-3000                          (202) 918-1123
                                        wdp@kellerpostman.com


                                        *Attorneys for*
                                        *Plaintiffs-Appellees*